UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VERONICA NIXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-1264-G |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Plaintiff Veronica Nixon, appearing pro se, initiated this appeal of denial of Social Security benefits on November 24, 2017. On June 12, 2018, the Court dismissed this case without prejudice and entered judgment. *See* Doc. Nos. 18, 19. Now before the Court is Plaintiff's Motion (Doc. No. 25), filed November 13, 2024. In the Motion, Plaintiff asks that this case be reopened for further proceedings.

The Court liberally construes Plaintiff's Motion as a request for relief under Federal Rule of Civil Procedure 60(b)(6). This Rule provides that, "[o]n motion and just terms," a court may relieve a party "from a final judgment, order, or proceeding" for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see also id.* R. 81(a)(4)(A). Relief under Rule 60(b)(6) is "difficult to attain," *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) (internal quotation marks omitted), and is appropriate only "when circumstances are so unusual or compelling that extraordinary relief is warranted, or when it offends justice to deny such relief," *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580

(10th Cir. 1996) (internal quotation marks omitted).

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

Having considered Plaintiff's Motion and attached exhibits, the Court finds no basis for reconsideration of its prior disposition. Plaintiff refers to a "settlement" with the federal government that was improperly not "paid out" to her. Pl.'s Mot. at 1. This lawsuit was dismissed and closed without any answer by Defendant and with no provision for a settlement or any other continued proceedings. Accordingly, any such dispute did not arise from matters before the Court in this case and does not warrant reopening this case under Rule 60(b)(6) or otherwise. The record does not plausibly reflect any of the grounds justifying relief are present here. *See Servants of the Paraclete*, 204 F.3d at 1012.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion (Doc. No. 25) is DENIED. Plaintiff's additional filings (Doc. Nos. 27, 28, 30, 31) were submitted without leave of Court and are therefore STRICKEN from the case record.

IT IS SO ORDERED this 30th day of December, 2024.

CHARLES B. GOODWIN
United States District Judge